KELLY A. CHADWICK, T/A CHADWICK THRUWAY JEWELERS v.
AETNA INSURANCE COMPANY

No. 7021DC481

(Filed 16 September 1970)

1. **Insurance § 141— loss of jewelry from store — construction of exclusion of coverage for unexplained loss or mysterious disappearance**

　　In this action to recover upon an insurance policy for the loss of a quantity of jewelry from plaintiff's store, the trial court erred in instructing the jury that a provision of the policy excluding coverage for "unexplained loss, mysterious disappearance or shortage disclosed on taking inventory" in effect contained only one exclusion for "loss or shortage disclosed on taking inventory" and that it should not be concerned with whether the loss was an "unexplained loss" or a "mysterious disappearance" unless it was disclosed on taking inventory, since the policy provision clearly contemplated that liability would be precluded in case of (1) unexplained loss or (2) mysterious disappearance or (3) loss or shortage disclosed on taking inventory.

2. **Insurance § 6— construction of policy — ambiguity**

　　The rules that a policy of insurance is to be construed strictly against the insurer and liberally in favor of the insured and that an exception from liability is not favored apply only where the language of the policy is ambiguous and reasonably susceptible of two or more interpretations.

APPEAL by defendant from *Henderson, J.*, 2 March 1970 Session of FORSYTH District Court.

This was a civil action brought by plaintiff to recover upon an insurance policy issued by defendant. It was alleged that while the policy was in force a quantity of jewelry was removed from plaintiff's premises by persons unknown. Defendant contended that the alleged loss came within a policy exclusion, to wit:

　　"5.　This policy insures against all risks of loss of or damage to the above described property arising from any cause whatsoever except: . . . (M) Unexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory."

Plaintiff's evidence tended to show that the loss was discovered on 24 February 1967, and that the jewelry was taken by an unidentified man and woman who pretended to be customers, and to whom plaintiff had shown the jewelry on 13 February. Plaintiff's evidence further tended to show that the loss was dis-

covered during a "spot check." Defendant's evidence tended to show that the loss was unexplained and in fact could have occurred at anytime between 4 February and 24 February 1967.

From a jury verdict for plaintiff in the amount of $1,517.30, defendant appealed to this Court.

*Powell & Powell, by Harrell Powell, Jr., for plaintiff.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for defendant.*

BROCK, J.

[1] The crux of defendant's appeal lies in its eighth assignment of error which asserts error in the trial court's construction of the exclusionary provision of the policy quoted above. The trial judge instructed the jury, in effect, that it was not to be concerned whether the loss was an "unexplained loss" or a "mysterious disappearance" unless it was disclosed on taking inventory. He clearly instructed the jury that the provision of the policy quoted above contained only one exclusion, i.e., "loss or shortage disclosed on taking inventory." We disagree with this interpretation.

[2] It is well settled that policies of insurance, having been prepared by the insurer, are to be liberally construed in favor of the insured, and strictly against the insurer. An exception from liability is not favored. *Henderson v. Hartford Accident & Indemnity Co.,* 268 N.C. 129, 150 S.E. 2d 17 (1966). However, these rules come into play only where the language is ambiguous and reasonably susceptible of two or more interpretations. *Walsh v. United Insurance Co. of America,* 265 N.C. 634, 144 S.E. 2d 817 (1965).

[1] The parties cite no case, and none is found, in which policy language similar to that here involved was construed. However, we think that the provision in question is sufficiently definite to be construed according to its terms, without resort to the rule of liberality in favor of the insured. The provision clearly contemplated that liability would be precluded in any one of three events, to wit:

1.  Unexplained loss, or
2.  Mysterious disappearance or
3.  Loss or shortage disclosed on taking inventory.

It appears plainly that the import of the provision is to bar recovery for unexplained losses or for mysterious disappearances, however they come to light, and for loss or shortage disclosed on taking inventory.

It is not deemed necessary to discuss appellant's remaining assignments of error.

New Trial.

MORRIS and GRAHAM, JJ., concur.