BLUE STRIPE, INC. D/B/A ENTRE COMPUTER CENTER v. UNITED STATES
FIDELITY AND GUARANTY COMPANY

No. 8710SC132

(Filed 15 September 1987)

**Insurance § 142.1— losses discovered during inventory—no coverage**

Plaintiff could not recover on an "all risk" insurance policy where the policy provided that defendant would not be liable for loss due to "shortage of property disclosed on taking inventory," and plaintiff's own evidence revealed that its losses were discovered when the general manager took a regular monthly inventory of available stock.

APPEAL by plaintiff from *Smith, Judge*. Judgment entered 18 September 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 1 September 1987.

*Boxley, Bolton & Garber, by Ronald H. Garber, for plaintiff appellant.*

*Walter L. Horton, Jr. for defendant appellee.*

BECTON, Judge.

Plaintiff, Blue Stripe, Inc., brought this action seeking to recover damages of $21,610.00 under an "all risk" insurance policy issued by defendant, United States Fidelity and Guaranty Company (USF&G). The matter was tried before a jury, but, after Blue Stripe presented its case, the trial judge granted USF&G's motion for a directed verdict. Blue Stripe appealed. We affirm.

I

Blue Stripe operated a retail computer sales business in Crabtree Valley Mall under the name Entre Computer Center (Entre). Blue Stripe's own evidence showed that in March 1983 Wayne Webster, the store's general manager, took a regular monthly inventory of available stock. He determined that a substantial amount of inventory was missing and notified the police and USF&G. There were no signs of forced entry onto the premises. The USF&G claims adjuster suggested that the loss might be due to employee theft. Entre conducted a detailed inventory of all items placed into and removed from inventory, then filed a claim with USF&G. USF&G denied the claim in November 1983.

One Sunday in January 1984, Webster visited the store and noticed an unauthorized individual on the premises accompanying a cleaning service employee. The following Monday an Entre employee took inventory and discovered another loss. The police were notified. Detective Leffingwell investigated the incident and discovered that the particular cleaning service employee had a long history of criminal conduct, but Detective Leffingwell could not gather sufficient evidence to bring charges against that employee. Entre filed a claim with USF&G, and USF&G paid the claim. Blue Stripe then initiated suit to compel payment on its first claim.

II

Blue Stripe makes two assignments of error which raise one issue on appeal: Did the trial judge err in granting USF&G's motion for a directed verdict?

The insurance policy under which this claim is made is entitled "Special Business Owners Policy," and it is an "all risk" policy. The language establishing coverage reads as follows:

"This policy insures against all risk of direct physical loss, subject to all the provisions contained herein."

Coverage is limited, however, by the following exclusion:

Exclusions

The Company shall not be liable for loss: . . .

14. Due to unexplained or mysterious disappearance of property, or *shortage of property disclosed on taking inventory*; . . . . (emphasis added).

USF&G contends that Blue Stripe's claim is barred by all three of the circumstances described in exclusion 14.

In *Chadwick v. Insurance Co.*, 9 N.C. App. 446, 176 S.E. 2d 352 (1970) this Court held that a similar exclusion was "sufficiently definite to be construed according to its terms." Thus, when it has been conclusively demonstrated that the exclusion applies, the claimant cannot recover. In the instant case, Blue Stripe's own evidence revealed that their losses were "disclosed on taking inventory." We are compelled by *Chadwick* to honor the exclusion without qualification or exception. Blue Stripe points to extensive

N.C. Press Assoc., Inc. v. Spangler

authority from other jurisdictions limiting the impact of exclusions in "all risk" policies; however, in view of *Chadwick*, it is beyond this Court's power to adopt such reasoning, notwithstanding its persuasiveness. The judgment is affirmed.

Affirmed.

Judges JOHNSON and PARKER concur.