JAMES WILKINS v. AMERICAN MOTORISTS INSURANCE COMPANY

No. 8929SC88

(Filed 6 February 1990)

**1. Insurance § 149 (NCI3d)— insurer's duty to defend—determination by pleadings**

> An insurer's duty to defend an insured is determined by the facts alleged in the pleadings of the lawsuit against the insured. If the pleadings allege any facts which disclose a possibility that the insured's potential liability is covered under the policy, the insurer has a duty to defend; if, however,

WILKINS v. AMERICAN MOTORISTS INS. CO.

[97 N.C. App. 266 (1990)]

the facts alleged in the pleadings are not even arguably covered by the policy, then no duty to defend exists.

**Am Jur 2d, Insurance §§ 1405, 1409-1413.**

2. **Insurance § 143 (NCI3d)— homeowners insurance—aircraft exclusion—negligent failure to warn and to instruct**

A provision in a homeowners insurance policy excluding liability for injuries arising out of the ownership, maintenance or use of an aircraft applied to exclude coverage for injuries to passengers in an airplane crash allegedly caused by defendant insured's negligent failure to warn the pilot and passengers of damage to the engine and negligent failure to properly instruct the pilot as to operation of the airplane since the aircraft exclusion applies when an injured party's use of the aircraft is a direct cause of the injury, and the alleged failure to warn and negligent instruction are causes which involve the use of the aircraft.

**Am Jur 2d, Insurance § 727.**

APPEAL by plaintiff from judgment entered 29 November 1988 by *Judge Robert D. Lewis* in HENDERSON County Superior Court. Heard in the Court of Appeals 22 August 1989.

Plaintiff instituted this action for declaratory judgment and damages for breach of an insurance contract. Plaintiff is the insured under a homeowners insurance policy issued by defendant. In his complaint, plaintiff requested that the court declare that defendant is obligated under the policy to provide liability coverage and legal defense for plaintiff in a lawsuit arising out of an airplane crash. Plaintiff also requested damages in the amount of the legal fees already incurred by plaintiff in defending the lawsuit. From the trial court's entry of summary judgment for defendant, plaintiff appeals.

*Prince, Youngblood, Massagee & Jackson, by Boyd B. Massagee, Jr. and Sharon B. Ellis, for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Russell P. Brannon, for defendant-appellee.*

WILKINS v. AMERICAN MOTORISTS INS. CO.

[97 N.C. App. 266 (1990)]

PARKER, Judge.

The sole issue presented by this appeal is whether, as a matter of law, plaintiff's homeowners policy provides coverage for any liability that may be imposed upon plaintiff as a result of the airplane crash.

The essential facts of the case are not in dispute and may be summarized as follows: The airplane involved in the accident was owned by a corporation known as Mountain Scenic Aero, Inc. At the time of the crash, plaintiff owned an interest in the corporation. The airplane crashed on 16 June 1985, while being piloted by Roger Ward. In addition to the pilot, there were three passengers in the airplane when it crashed. As a result of the crash, two of the passengers died and the pilot and the other passenger suffered personal injuries. On 18 April 1986, an action was instituted to recover damages for the wrongful deaths of two of the passengers and the injuries suffered by the third passenger. The complaint named plaintiff as a defendant, and alleged that he was liable in that he (i) negligently damaged the engine of the airplane; (ii) failed to warn the pilot or passengers of such damage; (iii) negligently failed to properly maintain the airplane; and (iv) negligently failed to properly instruct the pilot as to the operation of the airplane.

Plaintiff's policy provides in pertinent part:

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice. . . .

The policy also provides, however, that liability coverage does not apply to bodily injury or property damage:

e. arising out of the ownership, maintenance, use, loading or unloading of:

(1) an aircraft;

Based upon the aircraft exclusion, defendant denied coverage for any liability and refused to provide plaintiff with a defense in the lawsuit resulting from the airplane crash.

## WILKINS v. AMERICAN MOTORISTS INS. CO.

[97 N.C. App. 266 (1990)]

[1] Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 690, 340 S.E.2d 374, 377 (1986). Under the language of plaintiff's policy defendant has a duty to defend. Since an insurer's duty to defend the insured is broader than its duty to provide liability coverage, *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. at 691, 340 S.E.2d at 377, we need not decide whether plaintiff will ultimately be liable in the lawsuit against him or whether defendant will ultimately be required to provide coverage for such liability. The duty to defend is determined by the facts as alleged in the pleadings of the lawsuit against the insured; if the pleadings allege any facts which disclose a possibility that the insured's potential liability is covered under the policy, then the insurer has a duty to defend. *Id.* If, however, the facts alleged in the pleadings are not even arguably covered by the policy, then no duty to defend exists. *Id.* at 692, 340 S.E.2d at 378. Any doubt as to coverage must be resolved in favor of the insured. *Id.* at 693, 340 S.E.2d at 378.

[2] In the present case, it is undisputed that plaintiff's potential liability is for injuries caused by an airplane crash. The complaint in the underlying lawsuit alleges that plaintiff is liable for (i) negligently damaging the airplane; (ii) failing to warn the pilot and passengers of the damage; (iii) failing to properly maintain the airplane; and (iv) failing to properly instruct the pilot. The policy excludes coverage for liability "arising out of the ownership, maintenance, use, loading or unloading" of an aircraft. This language clearly excludes coverage for liability based upon negligent damage to and improper maintenance of the airplane. Plaintiff contends, however, that the policy does not clearly exclude coverage for liability based upon failure to warn and negligent instruction and, therefore, the trial court erred in entering summary judgment for defendant.

Plaintiff relies on our Supreme Court's decision in *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 350 S.E.2d 66 (1986). In that case, the Court considered whether a homeowners policy provided coverage for liability resulting from the accidental discharge of a rifle within the insured's truck. The policy in question contained a motor vehicle exclusion with language identical to the exclusion at issue in this case. *Id.* at 537, 350 S.E.2d at 68. (The exclusion in this case also applies to motor vehicles.) After review-

ing cases from other jurisdictions, the Court enunciated two principles governing the construction of homeowners policies:

> (1) [A]mbiguous terms and standards of causation in exclusion provisions of homeowners policies must be strictly construed against the insurer, and (2) homeowners policies provide coverage for injuries so long as a non-excluded cause is either the sole or concurrent cause of the injury giving rise to liability. Stating the second principle in reverse, the sources of liability which are excluded from homeowners policy coverage must be the sole cause of the injury in order to exclude coverage under the policy.

*Id.* at 546, 350 S.E.2d at 73. Finding the "arising out of" language in the exclusion to be ambiguous, the Court found that the policy provided coverage because the insured's liability could be predicated upon negligent mishandling of the rifle—a cause unrelated to the use of the truck. *Id.* at 547, 350 S.E.2d at 73-74.

Although our decision in this case is controlled by the principles our Supreme Court enunciated in *State Capital*, we hold that plaintiff's homeowners policy does not provide coverage for any liability that might result from the underlying lawsuit. We find it significant that the injury in *State Capital* was caused by an instrumentality other than the specific subject of the exclusion. In this case, however, the injuries were caused by the operation of the airplane itself. Although the allegations of failure to warn and improper instruction are theories of liability which do not depend upon plaintiff's direct involvement with the operation of the airplane, the exclusionary language requires only that the *injuries* arise out of the ownership, maintenance, or use of an aircraft. Therefore, the potential liability created by the underlying lawsuit falls within the policy's aircraft exclusion.

Other jurisdictions have reached the same conclusion under similar facts. In *Safeco Ins. Co. of America v. Husker Aviation, Inc.*, 211 Neb. 21, 317 N.W.2d 745 (1982), the insured sought to avoid the effect of an aircraft exclusion by contending that liability could be imposed for negligent training of a pilot. The court rejected the argument and reasoned as follows:

> Regardless of what may have been a contributing cause of the decedent's death, it is clear beyond question that the bodily injury resulting in his death was directly related to the opera-

WILKINS v. AMERICAN MOTORISTS INS. CO.

[97 N.C. App. 266 (1990)]

tion of an aircraft leased to [the insured]. Whatever else may have been a cause of the decedent's ultimate death, it is clear from the record here that if he had not been operating the aircraft at the time it crashed, he would not have been killed. That is specifically what the policy excluded.

*Safeco Ins. Co. of America v. Husker Aviation, Inc.*, 211 Neb. at 24, 317 N.W.2d at 748. In *Hartford Fire Ins. Co. v. Superior Court*, 142 Cal. App. 3d 406, 191 Cal. Rptr. 37 (1983), the court held that allegations of negligent pre-flight planning and misrepresentations of the pilot's experience were not independent causes of the injury so as to create an exception to an aircraft exclusion. In *Allstate Ins. Co. v. Ellison*, 757 F.2d 1042 (9th Cir. 1985), the court held that liability based upon negligent entrustment came within an aircraft exclusion, noting that there could be no recovery but for the ownership or use of the excluded aircraft. *Id.* at 1045. *See also Fox Hills Country Club, Inc. v. American Ins. Co.*, 264 Ark. 239, 243, 570 S.W.2d 275, 277-78 (1978) (negligent entrustment). Finally, in *John Deere Ins. Co. v. Penna*, 416 N.W.2d 820 (Minn. Ct. App. 1987), the court held that liability for a parachuting accident came within an aircraft exclusion because "the act of parachuting is so intimately associated with the use of the airplane as to be inseparable from it." *Id.* at 824.

Thus, other jurisdictions have held that liability for aircraft-related injuries is not excepted from an aircraft exclusion merely because there are allegations of negligent conduct other than the negligent use or maintenance of the aircraft. The above-cited cases establish the principle that coverage is excluded when the injured party's use of the aircraft is the direct cause of the injury. *Cf. Little v. Kalo Laboratories, Inc.*, 406 So. 2d 678 (La. Ct. App. 1981), *cert. denied*, 410 So. 2d 1133 (La. 1982) (exclusion did not apply to damages resulting from pesticides sprayed from airplane). We find this principle to be consistent with our Supreme Court's decision in *State Capital, supra*. Although the Court held that coverage would exist for injuries resulting from non-excluded, concurrent causes, it interpreted the exclusionary language "as excluding accidents for which the sole proximate cause involves the use of an automobile." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. at 547, 350 S.E.2d at 74. Coverage existed in *State Capital* because the negligent mishandling of the rifle was a "non-automobile proximate cause." *Id.* In the present case, the alleged failure to warn and negligent instruction are causes which

involve the use of the aircraft and, unlike the handling of the rifle in *State Capital*, they could cause no injury that was not directly connected to the use of the aircraft.

We are not unmindful of the principle that exclusions of liability in insurance contracts are not favored and any ambiguities in exclusionary provisions must be construed in favor of the insured. *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. at 547, 350 S.E.2d at 73. This principle cannot be invoked, however, to impose liability that is clearly excluded by unambiguous contract terms. *See Chadwick v. Insurance Co.*, 9 N.C. App. 446, 176 S.E.2d 352 (1970). The injuries giving rise to plaintiff's potential liability in this case arose from the use of an aircraft and, therefore, coverage is clearly excluded under the terms of the policy.

For the foregoing reasons, the trial court's entry of summary judgment for defendant is affirmed.

Affirmed.

Judges WELLS and PHILLIPS concur.