NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF-APPELLANT v. LOUISE HOOKS STOX AND GORDON OWENS, DEFENDANTS-APPELLEES

No. 903SC516

(Filed 19 February 1991)

**Insurance § 149 (NCI3d) — homeowner's policy — exclusion for bodily injury intended by insured — intentional act**

The trial court erred in concluding that a homeowner's insurance policy provided coverage to an insured who intentionally pushed a co-worker who fell and sustained injury, since the policy specifically excluded "bodily injury . . . which is expected or intended by the insured," and that means that the policy excludes from coverage bodily injury caused by the insured's intentional acts, whether insured actually intended injury.

**Am Jur 2d, Insurance §§ 708, 709.**

**Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from order entered 3 April 1990 and signed 9 April 1990 by *Judge Thomas S. Watts* in PITT County Superior Court. Heard in the Court of Appeals 30 November 1990.

On 20 May 1989 while defendant Owens and defendant Stox were at work at Roscoe Griffin Shoe Store, Owens pushed Stox, who fell and was injured. At the time, Owens had in full force and effect a homeowners insurance policy which provided liability coverage. The relevant portions of the policy provide:

Coverage E—Personal Liability

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. . . .

"Occurrence" is defined as:

5. "occurrence" means an accident, including exposure to conditions, which results, during the policy period, in:

a. bodily injury; or

b. property damage.

The policy provides for certain exclusions:

Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

a. which is expected or intended by the insured;

b. arising out of business pursuits of an insured or the rental or holding for rental of any part of any premises by an insured.

This exclusion does not apply to:

(1) activities which are usual to non-business pursuits; . . .

Business is defined in the policy as "trade, profession or occupation."

N.C. FARM BUREAU MUT. INS. CO. v. STOX

[101 N.C. App. 671 (1991)]

Plaintiff brought this declaratory action seeking a declaration regarding the rights of the parties pursuant to the homeowners insurance policy. The trial court, sitting without a jury, stated its findings of fact:

2. On May 20, 1989, Gordon Owens intentionally pushed Louise Stox, causing her to fall and receive injury.

3. The pushing of Louise Stox by Gordon Owens involved foreseeable consequences of significant bodily injury.

4. At the time Gordon Owens pushed Louise Stox, he had no specific intent to cause bodily injury to Louise Stox, and the injuries sustained by Louise Stox were the unintended result of an intentional act by Gordon Owens.

5. Although the pushing incident occurred in an employment setting, the pushing incident did not occur as a result of Gordon Owens engaging in a business pursuit.

6. The "business pursuit" exclusion in Plaintiff's insurance policy and the exception to the exclusion are ambiguous.

The trial court stated its conclusions of law:

1. The pushing incident constituted an "occurrence" under the terms of the homeowners insurance policy issued by Plaintiff to Gordon Owens.

2. The "expected or intended injury" exclusion contained in the policy is inapplicable.

3. The "business pursuit" exclusion contained in the policy is inapplicable.

4. In the alternative, if the pushing incident occurred as a result of Gordon Owens engaging in a business pursuit, the act of pushing Ms. Stox constituted an activity which was usual to a non-business pursuit under the exception to the "business pursuit" exclusion.

5. The policy of insurance issued by Plaintiff to Gordon Owens affords liability coverage to Gordon Owens for damages for which he becomes legally responsible because of the pushing incident involving Louise Stox, and which forms the basis of Pitt County Case. . . .

The trial court ordered plaintiff to pay any amount Owens becomes liable to pay to Stox up to the limit of liability of the homeowners insurance policy. From this order, plaintiff appeals.

*Speight, Watson and Brewer, by James M. Stanley, Jr., for plaintiff-appellant.*

*Ward and Smith, P.A., by A. Charles Ellis, for defendant-appellee.*

ORR, Judge.

The issue on appeal is whether the trial court erred in concluding that Owens' homeowners insurance policy provides coverage for the injury to Stox for which defendant Owens may become liable. Plaintiff first contends that the policy's exclusion of "bodily injury . . . which is expected or intended by the insured" does not cover liability for any injury in the present case. We agree.

In a declaratory judgment action, a trial court's "findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary, and even though incompetent evidence may have been admitted." *Nationwide Mut. Ins. Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E.2d 473, 475, *disc. review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981).

"[E]xclusions of liability in insurance contracts are not favored and any ambiguities in exclusionary provisions must be construed in favor of the insured." *Wilkins v. American Motorists Ins. Co.*, 97 N.C. App. 266, 272, 388 S.E.2d 191, 195, *disc. review denied*, 327 N.C. 145, 394 S.E.2d 189 (1990). "This principle cannot be invoked, however, to impose liability that is clearly excluded by unambiguous contract terms." *Id.*

In construing an almost identical clause in an insurance policy, this Court concluded that

[t]here is no ambiguity in the sentence "[This policy does not apply] to bodily injury or property damage which is either expected or intended from the standpoint of the insured." The sentence obviously means that the policy is excluding from coverage bodily injury caused by the insured's intentional acts,

determining whether the act is intentional from the insured's point of view.

*Commercial Union Ins. Co. v. Mauldin,* 62 N.C. App. 461, 463, 303 S.E.2d 214, 216 (1983).

"If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." *Id.*

Defendant argues that *Commercial Union* is not controlling; however, we conclude otherwise. In *Commercial Union,* one of the defendants, Tommy Joe Wilmoth, entered a guilty plea to second-degree murder arising out of his firing a pistol into a car occupied by his wife and another person named Pugh. Wilmoth stipulated that he had intended to shoot his wife but not Pugh who was killed in the incident.

Our Court, in an opinion authored by Chief Judge Vaughn, determined that insurance coverage did not apply since by virtue of Wilmoth's plea of guilty to second-degree murder the "general intent to do the act" was present. *Id.* at 464, 303 S.E.2d at 217. The Court focused on the intent to do the act—in that case firing a pistol into the occupied car. It was pointed out in a quote from an opinion of our Supreme Court that *"[s]uch an act will always be accompanied by the general intent to do the act itself* but it need not be accompanied by a specific intent to accomplish any particular purpose or do any particular thing." *Id.* (quoting *State v. Wilkerson,* 295 N.C. 559, 581, 247 S.E.2d 905, 917 (1978).

In the case *sub judice,* the trial court found that Owens "intentionally pushed Louise Stox," and the trial court's findings are supported by competent evidence. While there might well have been no specific intent to injure her, the focus must be on the intentional *act* not the resulting consequence. Bodily injury occurred because of the intentional act of pushing Stox, and therefore the policy language excludes coverage. The other assignments of error raised by the plaintiff need not be addressed as the judgment of the trial court is reversed.

Reversed.

Judge GREENE concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In focusing upon the intentional nature of the push that the insured Owens gave Stox the majority overlooks the other policy requisite for the exclusion involved—that the injury was "expected or intended by the insured." I think the trial judge correctly ruled that the exclusion does not apply since the record does not show that Owens either expected or intended Stox to be injured. The holding in *Commercial Union Insurance Co. v. Mauldin*, 62 N.C. App. 461, 303 S.E.2d 214 (1983)—that intentionally firing a pistol into an occupied car established that the resulting homicide was both intended and expected—deemed controlling by the majority, has no bearing on this case. If the insured's push had been by an open stairwell or edge of a rooftop or precipice, the case would have some relevance; since it was on a level floor of the store where he was showing merchandise to a customer it has none.