401 S.E.2d 82 (1991)
101 N.C. App. 671
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
Louise Hooks STOX and Gordon Owens, Defendants-Appellees.
No. 903SC516.
Court of Appeals of North Carolina.
February 19, 1991.
*84 Speight, Watson and Brewer by James M. Stanley, Jr., Greenville, for plaintiff-appellant.
Ward and Smith, P.A. by A. Charles Ellis, Greenville, for defendants-appellees.
ORR, Judge.
The issue on appeal is whether the trial court erred in concluding that Owens's homeowners insurance policy provides coverage for the injury to Stox for which defendant Owens may become liable. Plaintiff first contends that the policy's exclusion of "bodily injury ... which is expected or intended by the insured" does not cover liability for any injury in the present case. We agree.
In a declaratory judgment action, a trial court's "findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary, and even though incompetent evidence may have been admitted." Nationwide Mut. Ins. Co. v. Allison, 51 N.C.App. 654, 657, 277 S.E.2d 473, 475, disc. review denied, 303 N.C. 315, 281 S.E.2d 652 (1981).
"[E]xclusions of liability in insurance contracts are not favored and any ambiguities in exclusionary provisions must be construed in favor of the insured." Wilkins v. American Motorists Ins. Co., 97 N.C.App. 266, 272, 388 S.E.2d 191, 195, disc. review denied, 327 N.C. 145, 394 S.E.2d 189 (1990). "This principle cannot be invoked, however, to impose liability that is clearly excluded by unambiguous contract terms." Id.
In construing an almost identical clause in an insurance policy, this Court concluded that
[t]here is no ambiguity in the sentence "[This policy does not apply] to bodily injury or property damage which is either expected or intended from the standpoint of the insured." The sentence obviously means that the policy is excluding from coverage bodily injury caused by the insured's intentional acts, determining whether the act is intentional from the insured's point of view.
Commercial Union Ins. Co. v. Mauldin, 62 N.C.App. 461, 463, 303 S.E.2d 214, 216 (1983).
"If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." Id.
Defendant argues that Commercial Union is not controlling; however, we conclude otherwise. In Commercial Union, one of the defendants, Tommy Joe Wilmoth, entered a guilty plea to second-degree murder arising out of his firing a pistol into a car occupied by his wife and another person named Pugh. Wilmoth stipulated that he had intended to shoot his wife but not Pugh who was killed in the incident.
Our Court, in an opinion authored by Chief Judge Vaughn, determined that insurance coverage did not apply since by virtue of Wilmoth's plea of guilty to second-degree murder the "general intent to do the act" was present. Id. at 464, 303 *85 S.E.2d at 217. The Court focused on the intent to do the actin that case firing a pistol into the occupied car. It was pointed out in a quote from an opinion of our Supreme Court that "[s]uch an act will always be accompanied by the general intent to do the act itself but it need not be accompanied by a specific intent to accomplish any particular purpose or do any particular thing." Id. (quoting State v. Wilkerson, 295 N.C. 559, 581, 247 S.E.2d 905, 917 (1978).
In the case sub judice, the trial court found that Owens "intentionally pushed Louise Stox," and the trial court's findings are supported by competent evidence. While there might well have been no specific intent to injure her, the focus must be on the intentional act not the resulting consequence. Bodily injury occurred because of the intentional act of pushing Stox, and therefore the policy language excludes coverage. The other assignments of error raised by the plaintiff need not be addressed as the judgment of the trial court is reversed.
Reversed.
GREENE, J., concurs.
PHILLIPS, J., dissents.
PHILLIPS, Judge, dissenting.
In focusing upon the intentional nature of the push that the insured Owens gave Stox the majority overlooks the other policy requisite for the exclusion involved that the injury was "expected or intended by the insured." I think the trial judge correctly ruled that the exclusion does not apply since the record does not show that Owens either expected or intended Stox to be injured. The holding in Commercial Union Insurance Co. v. Mauldin, 62 N.C.App. 461, 303 S.E.2d 214 (1983)that intentionally firing a pistol into an occupied car established that the resulting homicide was both intended and expecteddeemed controlling by the majority, has no bearing on this case. If the insured's push had been by an open stairwell or edge of a rooftop or precipice, the case would have some relevance; since it was on a level floor of the store where he was showing merchandise to a customer it has none.