MAURICE GOLDMAN & SONS, INC., Appellant, v HANOVER INSURANCE COMPANY et al., Respondents.

Plaintiff insured, a jewelry company, brought this action to recover on contracts of primary and excess "jewelers block" insurance entered into with defendants. During a business trip, plaintiff's president realized that a bag containing jewelry was missing but he could not say where or how the loss occurred. We agree with the IAS court that the claim is outside the ambit of coverage on the basis of the policies' exclusionary clause for "[u]nexplained loss, mysterious disappearance or loss or shortage disclosed on taking inventory" *(see, Chadwick v Aetna Ins. Co.,* 9 NC App 446, 176 SE2d 352). We decline to follow Second Circuit authority *(McCormick & Co. v Empire Ins. Group,* 878 F2d 27) holding this clause to be ambiguous and susceptible to an interpretation that it excludes only a loss discovered on taking inventory, since such an interpretation disregards the term "[u]nexplained loss". Clearly, these words are meant to apply to losses, such as this, for which the insured can furnish no explanation whatsoever and set off as they are from the rest of the sentence, are not limited by the phrase "mysterious disappearance or loss or shortage disclosed on taking inventory." Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.