NATIONWIDE MUTUAL INS. CO. v. INTEGON INDEMNITY CORP.

[123 N.C. App. 536 (1996)]

NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff v. INTEGON INDEMNITY CORPORATION, JACKIE BROADIE, TIMOTHY S. WARD, PEGGY T. WARD, and RICKY VAN WOOD, ADMINISTRATOR OF THE ESTATE OF LYNDA HUDSON WOOD, Defendants

No. COA95-1205

(Filed 6 August 1996)

**Insurance § 822 (NCI4th)— homeowners policy—applicability of motor vehicle exclusion—damages resulting from "use" of vehicle**

Plaintiff's homeowners liability policy excluded coverage for liability in an underlying wrongful death action arising from an automobile accident where defendant was towing a metal livestock trailer which was improperly connected to the truck defendant was driving; the trailer became disconnected and crossed the centerline, striking an oncoming car and resulting in the driver's death; and the damages resulted solely from defendant's "use" of the truck in towing the trailer and not any independent "non-automotive" cause.

**Am Jur 2d, Insurance § 727.**

Appeal by plaintiff from order entered 30 August 1995 by Judge Knox V. Jenkins, Jr., in Wake County Superior Court. Heard in the Court of Appeals 6 June 1996.

*Bailey & Dixon, L.L.P., by David S. Coats, for plaintiff-appellant.*

*Barnes, Braswell & Haithcock, P.A., by R. Gene Braswell, for defendant-appellee Ricky Van Wood, Administrator of the Estate of Lynda Hudson Wood.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Michael M. Jones, for defendant-appellee Jackie Broadie.*

MARTIN, John C., Judge.

This declaratory judgment action arises out of a collision which occurred when a metal livestock trailer, towed by a truck owned by defendant Peggy Ward and driven by defendant Timothy Ward, became detached from the truck, crossed the centerline of the road, and struck an automobile driven by Lynda Hudson Wood. Lynda Wood

died as a result of the collision. The livestock trailer was owned by defendant Broadie who had loaned it to Timothy Ward. Defendants Ward are insured by an automobile liability policy issued by plaintiff as well as a homeowners insurance policy covering their home in Wayne County; defendant Broadie is insured under an automobile liability policy issued by defendant Integon Indemnity Corporation.

Ricky Van Wood, the administrator of Lynda Wood's estate, brought a civil action against the Wards and Broadie seeking damages for the wrongful death of Lynda Wood. The administrator alleged that Timothy Ward was negligent in the manner in which he operated the truck and in the manner in which he loaded and secured the trailer.

Because the Estate contended that the homeowners policy issued by plaintiff to the Wards provides coverage, in addition to that provided by the automobile liability policies, for the damages sought in the wrongful death action, plaintiff brought this declaratory judgment action seeking a determination of its obligations under the homeowners policy. Plaintiff asserted that the occurrence is excluded from the liability coverage provided by its homeowners policy. The homeowners policy at issue provides personal liability insurance coverage to "an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies . . . ." The policy also provides, however, the following exclusions.

SECTION II—EXCLUSIONS

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage: . . .

e. arising out of:

(1) the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured; . . .

This exclusion does not apply to:

(1) a trailer not towed by or carried on a motorized land conveyance; . . .

(4) a vehicle or conveyance not subject to motor vehicle registration which is:

(a) used to service an insured's residence; . . .

Plaintiff contended the homeowners liability policy excludes coverage for liability in the underlying action because the damages "ar[ose] out of the ownership, maintenance, use, loading or unloading" of a motor vehicle.

Both plaintiff and defendant Estate moved for summary judgment. The trial court concluded that coverage was provided by plaintiff's homeowners liability policy, denied plaintiff's motion for summary judgment, and granted summary judgment for defendant Estate. Plaintiff appealed and we reverse.

Our Supreme Court has established two principles governing the construction of liability coverage provisions contained in homeowners insurance policies:

> (1) ambigous terms and standards of causation in exclusion provisions of homeowners policies must be strictly construed against the insurer, and (2) homeowners policies provide coverage for injuries so long as a non-excluded cause is either the sole or concurrent cause of the injury giving rise to liability. Stating the second principle in reverse, the sources of liability which are excluded from homeowners policy coverage must be the sole cause of the injury in order to exclude coverage under the policy.

*State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 546, 350 S.E.2d 66, 73 (1986). This Court applied the foregoing two principles in *Nationwide Mutual Ins. Co. v. Davis*, 118 N.C. App. 494, 455 S.E.2d 892, *disc. review denied*, 341 N.C. 420, 461 S.E.2d 759 (1995), to determine whether a homeowner's policy provided coverage for the insured's granddaughter's injuries suffered after the child had exited the insured's van. This Court found that the "use" of the van was not the sole proximate cause of the accident and that a concurrent cause was the grandmother's negligent supervision of the child. *Id.* at 501, 455 S.E.2d at 896. We held that because there was a " 'non-automobile proximate cause' of the accident, the automobile exclusion does not apply to bar coverage under the homeowner's policy." *Id.*

In the present case, the evidentiary materials in the record tend to show that on the date of the accident, defendant Timothy Ward was towing the metal livestock trailer behind Peggy Ward's 1979 Chevrolet truck. The truck had a towing ball, but the towing ball was not secured to the vehicle, and the safety chains on the trailer were not

NATIONWIDE MUTUAL INS. CO. v. INTEGON INDEMNITY CORP.

[123 N.C. App. 536 (1996)]

used or attached to the truck. The trailer subsequently became disconnected from the truck, crossed the center line of the highway, and struck Lynda Wood's car, resulting in her death. The complaint in the underlying wrongful death lawsuit alleges Timothy Ward's negligence in the operation of the truck, in exceeding a safe speed when towing an improperly loaded and secured trailer, and in "improperly load[ing] the trailer without regard to the danger in towing it . . . ."

Coverage existed in *Davis* because the negligent supervision of the child was an act of negligence separate from the use of the vehicle. In this case, however, the defendant Estate's damages are alleged to have resulted solely from Timothy Ward's "use" of the truck in towing the trailer, and not any independent "non-automotive" cause. His alleged negligence in attaching, securing and towing the trailer could not have caused damages that were independent of the "use" of the truck itself. The homeowners liability policy expressly excepts liability arising in connection with the "use" of motor vehicles. The damages, therefore, arose outside the scope of coverage, under the plain language of the homeowners policy.

Defendant Estate argues that the trailer is a "vehicle or conveyance not subject to motor vehicle registration," as described in section (4)(a), and is therefore not subject to the exclusion. Nonetheless, the exclusion still applies because the accident, and therefore the damages to the Estate, arose out of, and could not have occurred without, the "use" of the truck.

We therefore hold that any damages arising out of the underlying lawsuit are excluded, by the motor vehicle exclusion, from the scope of the personal liability coverage provided by the Wards' homeowners policy. Accordingly, we reverse the trial court's grant of summary judgment for defendant Estate and remand this case for the entry of summary judgment for plaintiff on this issue. Because we have determined that the motor vehicle exclusion precludes coverage, we do not address plaintiff's contention that the business pursuit exclusion applies.

Reversed.

Judges GREENE and WALKER concur.