BUILDERS MUTUAL INSURANCE COMPANY, Plaintiff v. NORTH MAIN CONSTRUCTION, LTD, GAJENDRA SIROHI, AND WIFE, POONAM SIROHI, Defendants

No. COA04-1717

(Filed 21 February 2006)

**Insurance— commercial liability policy—automobile exclusion—applicability to negligent hiring, supervision and retention claims**

The automobile exclusion in a commercial general liability insurance policy issued to a construction company for bodily injury or property damage "arising out of" the ownership, maintenance, use or entrustment of any automobile applied to exclude coverage for defendants' claims for negligent hiring, supervision and retention of an employee of the insured who drove a company automobile while intoxicated, crossed the median, and struck the vehicle in which defendants were riding because: (1) in determining whether an automobile exception applies, the appellate court looks to the actual causes of a given injury and considers whether a cause separate from the use of a vehicle resulted in those particular injuries; and (2) defendants' actual injuries did not result from a cause separate from the employee's use of the automobile.

Judge WYNN dissenting.

Appeal by plaintiff from order entered 19 October 2004 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 20 September 2005.

*Pinto, Coates, Kyre & Brown, P.L.L.C., by Richard L. Pinto and John I. Malone, Jr., for plaintiff-appellant.*

*Pulley, Watson, King & Lischer, P.A., by Guy W. Crabtree, Esq., for defendants-appellees Gajendra Sirohi and Poonam Sirohi.*

BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.

[176 N.C. App. 83 (2006)]

CALABRIA, Judge.

Builders Mutual Insurance Company ("plaintiff") appeals from the trial court's order granting partial summary judgment in favor of Gajendra and Poonam Sirohi ("Sirohi defendants"). We reverse and remand to the trial court for entry of summary judgment in favor of plaintiff.

Plaintiff is the insurance provider for North Main Construction, Ltd. ("North Main"), under two policies, a Commercial Auto Liability Policy and a Commercial Insurance Policy. The only policy at issue in this case is the Commercial Insurance Policy. Plaintiff sought a declaratory judgment in the Wake County Superior Court that it had no duty to defend or indemnify North Main and Ronald F. Exware, Jr. ("Exware") under the Commercial Insurance Policy.

The underlying facts in the case *sub judice*, as alleged in plaintiff's complaint for declaratory relief, are as follows:

9. The specific allegations against the defendants North Main and Exware assert that (a) Exware received a citation for DWI and careless and reckless driving at the time that he became involved in and caused the accident with Poonam Sirohi, (b) Exware's seven year driving record included several citations and driving convictions, including three speeding charges and a charge of transporting an open container after consuming, under [N.C. Gen. Stat. § 20-138.7], and (c) North Main allowed Exware to drive the company van despite Exware's poor driving record.

10. . . . [T]he plaintiffs specifically allege that North Main was negligent in that (a) North Main knew that its employee, Ronald F. Exware, Jr., was operating one of their vehicles after having received a citation on July 17, 2001 for driving on the wrong side of the road, (b) North Main knew or should have known that Exware's driving record was extremely poor, to the extent that his operation of a motor vehicle would likely cause great risk and danger to others such as the Plaintiff, (c) although North Main knew or should have known that Exware had a bad driving record, North Main provided a company van to Exware, (d) by ignoring Exware's bad driving record and in providing Exware a company vehicle despite his bad driving record, North Main failed to exercise due care for its employees['] safety and for the safety of others traveling upon the public highway such as the plaintiff Poonam Sirohi, (e) failed to enforce a proper policy gov-

erning the safe use of its company vehicles, and failed to exercise due care to ensure its employees were safe drivers and failed to exercise due care for the safety of others traveling upon the public highway, and (f) negligently entrusted a vehicle to Exware.

11. The specific factual allegations in the amended complaint assert (a) employees such as crew chiefs, foremen and officers of North Main, who supervised crews were required to come into the North Main office headquarters from time to time to deliver time sheets and pick up pay checks for their crews, and for other reasons, (b) often while in North Main company headquarters, the crew chiefs, foremen, supervisors and officers of North Main would consume beer and smoke marijuana together and with each other, (c) the senior officers of North Main were aware of the alcohol and marijuana consumption that took place on the company premises both during and after normal working hours, and did nothing to prevent or stop this behavior even though it was known that these individuals would return to work and possibly operate company machinery or equipment, or would leave operating company vehicles, and (d) the conduct of the officers of North Main in condoning the above described conduct, created an atmosphere of tolerance and acceptance of alcohol and drug use among the employees while working or operating company vehicles, machinery or equipment, and which conduct in turn was likely to lead to incidents causing death or injury to others.

12. Based on these additional factual allegations, the amended complaint includes additional allegations of negligence on the part of North Main in that North Main was negligent in that it (a) failed to properly hire, supervise, and retain its employees, (b) participated and condoned conduct by its employees that was likely to lead to death or injury to others, and (c) created and fostered an atmosphere among its employees and officers that the consumption of alcohol and drugs and the use of the company vehicles and equipment was permissible.

The Sirohi defendants further alleged that both Exware's negligence and North Main's negligence resulted in their injuries when Exware drove while intoxicated, crossed the median on Interstate 40, and struck the Sirohi defendants with North Main's automobile.

The trial court heard plaintiff's declaratory judgment action on 11 August 2004. Plaintiff made a motion for judgment on the pleadings, which was converted to a motion for summary judgment, and the

Sirohi defendants also made a motion for summary judgment. On 19 October 2004, after reviewing the insurance policy at issue, Judge Manning granted plaintiff's motion as to all claims for negligent entrustment and negligent driving; however, he granted the Sirohi defendants' motion as to negligent hiring, negligent supervision, and negligent retention. Plaintiff appeals.

The question presented for our review is whether the trial court properly declared, as a matter of law, that

> plaintiff's commercial general liability policy[,] . . . issued to North Main Construction Company, does provide coverage for the claims asserted by the [Sirohi defendants] against the plaintiff's insured, North Main Construction, in the underlying action . . . and plaintiff's motion for summary judgment as to all claims for negligent hiring, supervision, and/or retention is DENIED, and [the Sirohi defendants'] motion for summary judgment as to all claims . . . for negligent hiring, supervision, and/or retention is ALLOWED.

In accordance with the North Carolina Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In deciding the motion, "all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Cater v. Barker*, 172 N.C. App. 441, 444, 617 S.E.2d 113, 116 (2005) (citations and internal quotations omitted). "The party moving for summary judgment has the burden of establishing the lack of any triable issue." *Id.* (citations omitted).

A trial court's ruling on a motion for summary judgment is reviewed *de novo* by this Court. *Va. Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191 (1986). On appeal, we review materials presented to the trial court and determine whether there is a genuine issue as to any material fact and if any party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980). Plaintiff admits a duty to defend North Main against "any 'suit' seeking damages for 'bodily injury' or 'property damage' to which [the insurance policy at issue] . . . appl[ies]." Because "an insurer's duty to defend the insured is broader than its duty to provide liability coverage," *Wilkins v. American Motorists*

*Insurance Co.*, 97 N.C. App. 266, 269, 388 S.E.2d 191, 193 (1990) (citations omitted), we need not consider whether the Sirohi defendants will ultimately prevail in the underlying action. *Id.* This Court has held,

> [t]he duty to defend is determined by the facts as alleged in the pleadings of the lawsuit against the insured; if the pleadings allege any facts which disclose a possibility that the insured's potential liability is covered under the policy, then the insurer has a duty to defend. If, however, the facts alleged in the pleadings are not even arguably covered by the policy, then no duty to defend exists. Any doubt as to coverage must be resolved in favor of the insured.

*Id.* (citations omitted).

It is uncontested in this case that there are no material issues of fact. We, therefore, limit our analysis to whether the trial court properly determined that the Sirohi defendants were entitled to judgment as a matter of law.

The Commercial Insurance Policy *excluded* from coverage the following:

g.  Aircraft, Auto or Watercraft

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

We initially address whether, under precedent regarding the "arising out of" language in similar insurance policy exclusions, the trial court properly granted summary judgment for the defendants on the negligent hiring, supervision, and retention claims. In reviewing the insurance policy at issue, we are mindful of the rule of construction that "provisions of insurance policies . . . which extend coverage must be construed liberally so as to provide coverage whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986).

In *State Capital*, our Supreme Court considered whether exclusionary language similar to the language at issue in this case would apply under a homeowner's insurance policy to prevent coverage when a rifle accidentally discharged in a car while the insured was

BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.

[176 N.C. App. 83 (2006)]

handling it, causing injury to the passenger. In that case our Supreme Court held, "when strictly construed[,] the standard of causation applicable to the ambiguous 'arising out of' language in a home-owner['s] policy exclusion is one of proximate cause." *State Capital*, 318 N.C. at 547, 350 S.E.2d at 74. The Court further held that the exclusionary language "should be interpreted as excluding accidents for which the sole proximate cause involves the use of an automobile. If there is any non-automobile proximate cause, then the automobile use exclusion does not apply." *Id.* Because the Court found that neg-ligent mishandling of the rifle was a non-automobile proximate cause of the injury, the automobile use exception did not apply. *Id.*

In *Wilkins*, this Court distinguished our Supreme Court's holding in *State Capital*. Plaintiff argued that the trial court erred in entering summary judgment for the defendant when "the policy does not clearly exclude coverage for liability based upon failure to warn and negligent instruction." *Wilkins*, 97 N.C. App. at 269, 388 S.E.2d at 193. The underlying facts in that case dealt with an airplane crash, and at issue was an airplane exception similar to the automobile exception at issue in the case at hand. This Court held, "the exclusionary lan-guage requires only that the *injuries* arise out of the ownership, maintenance, or use of an aircraft." *Wilkins*, 97 N.C. App. at 270, 388 S.E.2d at 194. Based upon this standard, we held, "The injuries giving rise to plaintiff's potential liability in this case arose from the use of an aircraft and, therefore, coverage is clearly excluded under the terms of the policy." *Wilkins*, 97 N.C. App. at 272, 388 S.E.2d at 195.

In *Nationwide Mut. Ins. Co. v. Davis*, 118 N.C. App. 494, 455 S.E.2d 892 (1995), a woman and her granddaughter were riding in a van. After they reached their destination, the woman safely exited the van, but when the granddaughter exited, she was struck by a vehicle. This Court held,

> the "use" of the van was not the *sole proximate cause* of the acci-dent; a concurrent cause was [the woman's] negligent supervision of [the granddaughter] when [the granddaughter] exited the van to enter the Superette. Therefore, under *State Capital*, because there was a "non-automobile proximate cause" of the accident, the automobile exclusion does not apply to bar coverage under the homeowner's policy.

*Id.*, 118 N.C. App. at 501, 455 S.E.2d at 896.

In *Nationwide Mut. Ins. Co. v. Integon Indem. Corp.*, 123 N.C. App. 536, 473 S.E.2d 23 (1996), this Court considered whether an

automobile exception in a homeowner's policy applied when a man improperly attached a metal livestock trailer to his vehicle, and the trailer came loose, careened across the highway, and resulted in the death of another driver. This Court distinguished *Integon* from *Davis* as follows:

> Coverage existed in *Davis* because the negligent supervision of the child was an act of negligence separate from the use of the vehicle. In this case, however, the defendant Estate's damages are alleged to have resulted solely from Timothy Ward's "use" of the truck in towing the trailer, and not any independent "non-automotive" cause. His alleged negligence in attaching, securing and towing the trailer could not have caused damages that were independent of the "use" of the truck itself.

The instant case is similar to *Integon*. Here, the *injuries* resulted from Exware's use of North Main's automobile, not from a separate cause. Although the Sirohi defendants allege negligent hiring, supervision, and retention of Exware, these causes are intertwined with Exware's use of North Main's automobile, and the Sirohi defendants' particular *injuries* could not have occurred in the absence of the use of the automobile. *See Wilkins, supra* (standing for the proposition that allegations of failing to properly instruct a pilot did not prevent an airplane exclusion from applying when the *injuries* suffered were due to an airplane crash).

In determining whether an automobile exception applies, this Court looks to the actual causes of a given injury and considers whether a cause separate from the use of a vehicle resulted in those particular injuries. Thus, although the dissent hypothesizes that "[d]ue to North Main's negligent hiring, supervision, and/or retention an injury could have occurred, for example, through Exware's use of construction equipment," we need not consider such hypothetical injuries when the facts show that the actual injuries did not result from a cause separate from the use of the automobile.

Accordingly, we hold that the trial court erred in granting summary judgment in favor of the Sirohi defendants, and we remand this matter to the trial court for entry of summary judgment in favor of plaintiff.

Having so held, we need not address plaintiff's other assignment of error.

Reversed and remanded.

Judge LEVINSON concurs.

Judge WYNN dissents with separate opinion.

WYNN, Judge, dissenting.

"[T]he sources of liability which are excluded from homeowners policy coverage must be the *sole cause* of the injury in order to exclude coverage under the policy." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 546, 350 S.E.2d 66, 73 (1986) (emphasis added). The majority opinion does not dispute that the plain language of the policy did not exclude from coverage the negligent hiring, supervision, and/or retention claims of the Sirohi defendants against Exware and North Main. Since the negligent hiring, supervision, and/or retention is a non-excluded cause, the trial court did not err in granting summary judgment in favor of Defendants. Accordingly, I respectfully dissent.

It is well settled that in North Carolina insurance policies are construed strictly against insurance companies and in favor of the insured. *Maddox v. Colonial Life & Accident Ins. Co.*, 303 N.C. 648, 650, 280 S.E.2d 907, 908 (1981). Provisions which exclude liability of insurance companies are not favored. Therefore all ambiguous provisions are strictly construed against the insurer and in favor of the insured. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 355, 172 S.E.2d 518, 522-23 (1970).

The exclusion provision at issue in the general liability policy states:

2. Exclusions

    This insurance does not apply to:

\*\*\*

g. Aircraft, Auto Or Watercraft

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

**BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.**

[176 N.C. App. 83 (2006)]

Our Supreme Court has previously established the following principle with respect to determining the coverage of homeowners or general "all risks" policies: "[T]he sources of liability which are excluded from homeowners policy coverage must be the *sole cause* of the injury in order to exclude coverage under the policy." *State Capital Ins. Co.*, 318 N.C. at 546, 350 S.E.2d at 73 (emphasis added); *see also Avis v. Hartford Fire Ins. Co.*, 283 N.C. 142, 150, 195 S.E.2d 545, 549 (1973) ("As a general rule, coverage will extend when damage results from more than one cause even though one of the causes is specifically excluded." (citations omitted)).

In *State Capital*, the owner of a pickup truck and a companion went on a hunting trip. 318 N.C. at 536, 350 S.E.2d at 67. The owner stored a rifle behind the seat of his truck because the truck's gun rack was full. *Id.* The owner saw a deer and reached for the rifle from outside the truck. *Id.*, 350 S.E.2d at 67-68. The rifle discharged, injuring the owner's companion as he was exiting the truck. *Id.*, 350 S.E.2d at 68. The Supreme Court held that "the exclusionary language in the State Capital homeowners policy should be interpreted as excluding accidents for which the sole proximate cause involves the use of an automobile. If there is any non-automobile proximate cause, then the automobile use exclusion does not apply." *Id.* at 547, 350 S.E.2d at 74. The Supreme Court found that the "negligent mishandling of the rifle was a proximate cause of [the companion's] injury[,]" and therefore the automobile use exclusion would not apply. *Id.*

In *Nationwide Mut. Ins. Co. v. Davis*, 118 N.C. App. 494, 501, 455 S.E.2d 892, 896 (1995), this Court found *State Capital* to be controlling. In *Davis*, the insured and her granddaughter were riding in the insured's van. *Id.* at 495, 455 S.E.2d at 893. After they reached their destination, the granddaughter got out of the van, walked around the van, and was struck by another car. *Id.* at 496, 455 S.E.2d at 893. For the purposes of the insured's automobile insurance policy, this Court held that the van was "in use" at the time of the accident. *Id.* at 498, 455 S.E.2d at 895. However, following *State Capital*, for purposes of the insured's homeowners policy which had an automobile use exclusion, this Court held that "the 'use' of the van was not the *sole proximate cause* of the accident; a concurrent cause was Ms. Davis' negligent supervision of [her granddaughter.]" *Id.* at 501, 455 S.E.2d at 895.

Like in *State Capital* and *Davis*, here, the claims of negligent hiring, supervision, and/or retention are non-automobile proximate

causes. *State Capital*, 318 N.C. at 546, 350 S.E.2d at 73. Therefore, since Exware's use of the automobile is not the *sole proximate cause* of the Sirohi's injuries, the claim is not excluded from coverage by the automobile exclusion.

The majority relies on this Court's opinion in *Wilkins v. Am. Motorists Ins. Co.*, 97 N.C. App. 266, 388 S.E.2d 191 (1990), which is distinguishable from the instant case. In *Wilkins*, an airplane, owned by the plaintiff, crashed killing two people and injuring a third. *Id.* at 268, 388 S.E.2d at 192. The plaintiff was sued by the survivors alleging, *inter alia*, that he negligently failed to warn passengers that he damaged the airplane and negligently failed to properly instruct the pilot. *Id.* The plaintiff's homeowners policy had an exclusion provision that did not provide coverage for injuries "arising out of the ownership, maintenance, use, loading or unloading of: (1) an aircraft[.]" *Id.*, 388 S.E.2d at 193. This Court held that the claims were excluded from policy coverage because the alleged failure to warn of the damage to the airplane and negligent instruction to the pilot, "are causes which involve the use of the aircraft and . . . they could cause no injury that was not directly connected to the use of the aircraft." *Id.* at 271-72, 388 S.E.2d at 194-95.

In this case, the claims of negligent hiring, supervision, and/or retention do not involve the use of the automobile and could cause an injury that is not directly connected to the use of the automobile. *See id.* Due to North Main's negligent hiring, supervision, and/or retention an injury could have occurred, for example, through Exware's use of construction equipment. Therefore, *Wilkins* is distinguishable from the instant case.

Accordingly, since the negligent hiring, supervision, and/or retention is a non-automobile proximate cause, the trial court did not err in granting summary judgment in favor of Defendants.