## FOX HILLS COUNTRY CLUB, INC.
*v.* THE AMERICAN INSURANCE COMPANY

78-84                                        570 S.W. 2d 275

Opinion delivered September 18, 1978
(Division II)

*Cathey, Goodwin & Hamilton,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

CONLEY BYRD, Justice. The sole issue on this appeal is whether appellee, The American Insurance Company, under the terms of its comprehensive general liability insurance policy has a duty to defend appellant, Fox Hills Country Club, Inc., in some personal injury actions arising out of an airplane crash. After the facts were stipulated, the trial court entered a declaratory judgment that appellee had no duty to provide the "Country Club" with a defense.

The facts giving rise to this declaratory judgment action show that a social event had been planned at the Country Club for the evening of April 24, 1976. One of the members, Thomas Edward McMenamin III, volunteered to fly to Dauphin Island, near Mobile, Alabama, to obtain shrimp for the event. McMenamin borrowed an airplane from Willie G. Williams, president of the Country Club (Williams owned a one-third interest in the plane). Williams warned McMenamin not to fly the plane after dark.

McMenamin and a passenger, Thomas Lee Arrington, flew without incident to Dauphin Airport in Alabama. They purchased approximately 150 pounds of shrimp which were iced down and left in three ice chests in a motel room rented for the night. McMenamin and Arington retired to a restaurant and bar, where they drank beer and ate supper. Near midnight, McMenamin and Arington accompanied by a barmaid from the restaurant went for an airplane ride over the island. The airplane, with McMenamin as pilot, crashed during the flight, killing all occupants. Suits were filed by the estates of Arington and the barmaid against McMenamin, Willie G. Williams, and Fox Hills Country Club. Demand was made by appellants to the appellee insurance company to furnish a defense, which was refused.

The applicable policy provisions provide:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A — bodily injury, or Coverage B — property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of

such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

## EXCLUSIONS

This insurance does not apply: . . . (b) to bodily injury to property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by insured; . . .

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below: (c) If the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof, while acting within the scope of his duties as such . . . ."

The personal injury complaints filed against the "Country Club" allege that the passenger and the pilot were an "agent, servant or employee" of the Country Club and that the Country Club's negligence consisted of (a) allowing plaintiff's decedent to become a passenger on an airplane whose pilot was under the influence of intoxicants and (b) in failing to properly supervise the operation of the airplane being used for its purposes.

The Country Club recognizes the general rule that the allegations in the pleadings against the insured determine the insurer's duty to defend. However, the Country Club points to our cases such as *Proctor Seed & Feed Co.* v. *Hartford Accident and Indemnity Co.*, 253 Ark. 1105, 491 S.W. 2d 62 (1973), and

*Commercial Union Insurance Company of America* v. *Henshall*, 262 Ark. 117, 553 S.W. 2d 274 (1977), for the proposition that the duty of an insurer to defend cannot in all cases be determined from the allegations of the complaint. In its attempt to bring this case within an exception to the general rule, *supra*, the Country Club argues as follows, to-wit:

"The facts which indicate coverage here were not only known to the insurance company, they were stipulated to in the trial of this case. Under the stipulated facts, the only exclusion asserted by appellee was the exclusion with reference to the 'use, loading or unloading of . . . aircraft owned or operated by or rented or loaned to any *insured* . . . ' The airplane involved here was loaned to and operated by McMenamin (who, it was stipulated, was a *volunteer*) and not to Fox Hills Country Club. The exclusion in the insurance policy would only be applicable if McMenamin was an 'insured' under the policy. The portion of the policy which defines insured includes the corporation and 'any executive officer, director or stockholder thereof while *within the scope of his duties as such.*' If McMenamin was acting *outside* the scope of his office or duties as officer, director, stockholder, etc., then the exclusion does not apply.

. . .

Since the use or operation of the aircraft here was not being made by Fox Hills Country Club and was not being made by any officer, agent, stockholder or employee within the scope of his office, agency or employment, the exclusion attempted to be asserted by the insurance company is not applicable."

The trouble with the Country Club's contention is that it does not bring itself within the exception to the general rule recognized in *Commercial Union Insurance Company of America* v. *Henshall*, 262 Ark. 117, 533 S.W. 2d 274 (1977). In that case the insurer from a simple examination of the facts either knew or should have known of a potential liability of the insured within the exception to the inclusion in the insurer's policy. Here the stipulated facts show no potential liability of the

Country Club outside of the allegations in the personal injury action — *i.e.*, the stipulated facts exonerate the Country Club from liability. Since the allegations in the actions against the Country Club for bodily injuries arising out of the use of the aircraft are clearly excluded from coverage, it follows that we find no merit to the Country Club's contentions.

The Country Club also argues that negligent entrustment of an airplane should not be considered as arising out of the "ownership, maintenance, operation or use" of the airplane, citing *Republic Vanguard Insurance Company* v. *Buehl*, 295 Minn. 327, 204 N.W. 2d 426 (1973), and *Government Employers Insurance Company* v. *Chahalis*, 338 N.Y.S. 2d 348, 72 Misc. 2d 207 (1972). In doing so, the Country Club recognizes that we nixed a similar contention in *Aetna Casualty and Surety Company* v. *American Manufacturers Mutual Insurance Company*, 261 Ark. 326, 457 S.W. 2d 757 (1977). In view of our precedent in the Aetna Castualty and Surety Company case, *supra*, we find this contention without merit.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.