# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-60486
Summary Calendar

---

RELIANCE NATIONAL INSURANCE COMPANY,
a corporation,

Plaintiff-Counter Defendant-Appellee,

versus

ESTATE OF MICHAEL D. TOMLINSON, Deceased, Et Al.,

Defendants,

LELIA BRANNING TUCKER, the mother of April Tenille
Branning on behalf of Lester Branning, father of April Tenille
Branning and Scott Branning, brother of April Tenille Branning
and heirs and wrongful death beneficiaries of April Tenille
Branning; LESTER BRANNING; SCOTT BRANNING;
MICHAEL D. RIVES,

Defendants-Counter Claimants-Appellants.

\* \* \* \* \*

LELIA BRANNING TUCKER, the mother of April Tenille
Branning on behalf of Lester Branning, father of April Tenille
Branning and Scott Branning, brother of April Tenille Branning
and heirs and wrongful death beneficiaries of April Tenille
Branning; MICHAEL D. RIVES,

Plaintiffs,

versus

ESTATE OF MICHAEL D. TOMLINSON; ET AL.,

Defendants.

Appeals from the United States District Court
for the Southern District of Mississippi

April 20, 1999

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:

Michael Rives and the survivors of April Tenille Branning appeal an adverse summary judgment as relates to certain insurance coverage. For the reasons assigned, we affirm.

## BACKGROUND

This litigation arises out of a plane crash that occurred after Michael Tomlinson had been drinking alcohol at a local tavern and invited some of the tavern's patrons for a late night airplane ride. From the tavern, Tomlinson and the others traveled to the John Bell Williams Airport, which he managed. Tragically, the plane piloted by Tomlinson crashed, killing Tomlinson and April Branning, and injuring Michael Rives and Monica Hancock.

Proceeding in state court, appellants sued the Estate of Michael Tomlinson, Tomlinson Avionics, Inc. (Airport Manager by contract), and Tomlinson Avionics of Mississippi, Inc. (Agent of Airport Manager by contract) on the basis that Tomlinson acted within the scope of his employment and that the Tomlinson entities were responsible for their damages. Appellants also sued Hinds

Community College on the basis that it was responsible for Tomlinson's acts as leaseholder of the airport. The state court entered summary judgment for Hinds.

The Tomlinson entities were covered by several insurance policies, including policies issued by Titan Insurance Company, Ranger Insurance Company, and appellee, Reliance National Insurance Company. Appellants settled with Titan. In appellants' action against Ranger, the court *à quo* entered summary judgment for Ranger based on an "owned aircraft" exclusion.[1] Appellants and the Tomlinson entities entered into consent judgments by which appellants could recover only against insurance proceeds.

Reliance petitioned for a declaratory judgment declaring that the insurance policy it issued to Hinds did not cover Tomlinson, Tomlinson Avionics, Inc., or Tomlinson Avionics of Mississippi, Inc.[2] Reliance moved for a summary judgment on the grounds that Tomlinson acted outside the scope of his employment and that a provision of the policy excluded coverage. The district court determined that the policy issued by Reliance did not cover Tomlinson or the Tomlinson entities because of the exclusion, and it entered summary judgment for Reliance.

---

[1] **Ranger Ins. Co. v. Branning**, 984 F. Supp. 466 (S.D. Miss. 1997).

[2] The appellants also filed Writs of Garnishment in state court based on the consent judgments. Reliance removed these actions which were consolidated with the declaratory judgment action.

3

Appellants challenge the grant of summary judgment.

## ANALYSIS

We review grants of summary judgment *de novo*.[3]   The Federal Rules of Civil Procedure provide that summary judgment shall be entered when there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4]  We must consider the evidence, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party.[5]

Because our jurisdiction is based upon diversity, we apply Mississippi law in interpreting the insurance policies.[6] First, where an insurance policy is plain and unambiguous, the court must construe the instrument exactly as written.  Second, the court should read the policy as a whole, giving effect to all provisions.  Third, the court must interpret ambiguities against the insurer.  Fourth, the court must interpret exclusion clauses narrowly.[7]

---

[3] **Centennial Ins. Co. v. Ryder Truck Rental, Inc.**, 149 F.3d 378 (5th Cir. 1998).

[4] FED. R. CIV. P. 56; **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986).

[5] **Deus v. Allstate Ins. Co.**, 15 F.3d 506 (5th Cir. 1994).

[6] The parties agree that the substantive law of Mississippi governs our decision.  **Erie R.R. Co. v. Tomkins**, 304 U.S. 64 (1938).

[7] **Centennial Ins. Co.**, 149 F.3d at 382-83 (listing these and other rules of interpretation).

## Owned Aircraft Exclusion

Appellants first contend that the district court erred in determining that an exclusion clause relieved Reliance of its obligations under the policy. Hinds purchased a Comprehensive General Liability policy to insure itself against particular liabilities that it might encounter as leaseholder of the airport. The policy excluded any bodily injury arising out of ownership, maintenance, operation, use, loading, or unloading of: (1) any aircraft owned or operated by or rented or loaned to the named insured, or (2) any other aircraft operated by any person in the course of his employment by the named insured.

Because Hinds did not intend to serve as manager of the airport, it purchased a rider that provided limited coverage for any airport manager that it appointed. Provision 3 of the Special Airport Provisions provides that the "exclusion in the policy with respect to aircraft applies only to aircraft owned by or rented or loaned to the insured or in flight by or for the account of the insured." The district court determined that Reliance was not obligated under the policy to provide coverage because Tomlinson Avionics, Inc. owned the plane that crashed and Provision 3 excluded from coverage the injuries suffered by appellants.

Appellants suggest that the "insured" described in Provision 3 was Hinds, and that this exclusion should not apply to the Tomlinson entities. We reject this

5

suggestion. Provision 1 of the Special Airport Provisions extends the coverage of "Persons Insured" to include "any airport manager of the named insured."[8] The policy defined "insured" as "any person or organization qualifying as an insured in the 'Persons insured' provision of the applicable insurance coverage. . . ." We conclude that the Tomlinson entities are "Persons insured."

We find the text of Provision 3, the owned aircraft exclusion, unambiguous, and conclude that it relieves Reliance of any obligation to provide coverage. Tomlinson Avionics, Inc. *owned* the aircraft in question; Tomlinson Avionics, Inc. *loaned* the aircraft to Tomlinson Avionics of Mississippi, Inc.; Tomlinson himself *flew* the aircraft in question. The owned aircraft exclusion applies in each of these instances and relieves Reliance of its obligations under the policy.

Even assuming that this one isolated owned aircraft provision is unambiguous, appellants insist that there is an ambiguity with respect to coverage when the owned aircraft provision is read in light of the next provision, and, the argument continues, the rules of insurance policy interpretation require that ambiguities be interpreted to favor coverage. According to appellants, the ambiguity arises because after the owned aircraft provision that excludes coverage,

_____

[8] The policy extended coverage to any airport manager "acting within the scope of his duties." The district court assumed that Tomlinson was acting within the scope of his duties. For purposes of this decision we make the same assumption.

6

Provision 4(b) limits "any loss arising out of the ownership, maintenance or use of aircraft . . . with respect to which the insured has other valid and collectible insurance, whether primary or excess." Appellants contend that this provision limiting coverage would be superfluous if the owned aircraft provision actually excluded coverage entirely. Therefore, appellants propose, this contradiction creates an ambiguity which obligates Reliance to provide coverage.

The owned aircraft provision, however, clearly excludes from coverage the injuries of which appellants complain. Mississippi law requires us to give effect to that unambiguous exclusion. Appellants correctly note that the rules of insurance policy interpretation require us to give meaning to every provision. Exclusion from coverage is consistent with both Provision 3 and Provision 4(b); appellants' position runs contrary to Provision 3.

## Alternate Theories of Liability

Appellants maintain that regardless of the court's conclusion as to the owned aircraft exclusion, the alternate causes of action that they asserted, which can be cabined within the theories of negligent entrustment and negligent supervision, do not implicate that exclusion. Appellants contend that these claims are separate and distinct from the ownership or use of an aircraft, and thus fall outside of the reach of the exclusion and give rise to a duty to defend. Therefore, appellants conclude,

the district court erred in entering summary judgment for Reliance.

Our research discloses no dispositive decisions by the Mississippi Supreme Court. Accordingly, we must predict how that court would rule. In making this prediction, we should look to: (1) the decisions of the Mississippi Supreme Court in analogous cases, (2) the rationales and analyses underlying those decisions, (3) dicta by the Mississippi Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) decisions by the courts of other states when Mississippi courts have turned to them in formulating substantive law, and (7) other available sources, such as treatises and legal commentaries.[9] Absent evidence to the contrary, we presume that the Mississippi Supreme Court would adopt the majority rule.[10]

Focusing first on negligent entrustment, a majority of jurisdictions addressing the issue have concluded that if an owned aircraft exclusion relieves an insurer of its obligation when the injury arises out of the ownership, operation, or use of the aircraft, then the exclusion similarly relieves the insurer of any obligation arising

---

[9] **Centennial Ins. Co.**, 149 F.3d at 382.

[10] **Id.**

8

out of negligent entrustment.[11]   The majority rule recognizes that liability for the negligent entrustment of an aircraft is derivative of a negligent use of that aircraft.[12] Because an owned aircraft provision excludes coverage for negligent use, the provision also excludes coverage for negligent entrustment. As to automobiles, the established law of Mississippi is that there can be no liability for negligent entrustment without a subsequent negligent use of that automobile.[13]  We believe that the Mississippi Supreme Court would extend this rule to aircraft, and we presume that the court would follow the majority rule regarding owned aircraft provisions.  It follows that because that provision relieves Reliance of any duty to defend against the negligent use of an aircraft, Reliance is also relieved of any

---

[11] **Allstate Ins. Co. v. Ellison**, 757 F.2d 1042 (9th Cir. 1985); **Fox Hills Country Club, Inc. v. American Ins. Co.**, 570 S.W.2d 275 (Ark. 1978); **State Farm Fire Cas. Co. v. Keenan**, 216 Cal. Rptr. 318 (Cal. Ct. App. 1985);   **Great Am. Indem. Co. v. City of Corpus Christi**, 192 S.W.2d 917 (Tex. Civ. App.–San Antonio 1945, writ ref'd n.r.e.) (finding coverage because of an "exception to the exception"); **Transport Indem. Co. v. Sky-Kraft, Inc.**, 740 P.2d 319 (Wash. Ct. App. 1987).

Where decisions are lacking, courts should draw from other fields of insurance law. 7A JOHN ALAN APPLEMAN, INSURANCE LAW AND PRACTICE, §4501.01, at 238 (1979).  The majority rule is the same when the issue concerns  "owned automobile" exclusions. **Love v. McDonough**, 758 F. Supp. 397, 400-02 (W.D. Miss.) (collecting cases), *aff'd mem.*, 947 F.2d 1486 (5th Cir. 1991).

[12] **Fox Hills Country Club, Inc.**, 570 S.W.2d at 277 ("arising out of"); **State Farm Fire Cas. Co.**, 216 Cal. Rptr. at 330 ("solely and indivisibly related"); **Transport Indem. Co.**, 740 P.2d at 327 ("indivisibly related").

[13] **Somerville v. Keeler**, 145 So. 721 (Miss. 1933).

obligation to defend against the alleged negligent entrustment of the aircraft.

The majority rule concerning negligent supervision is the same as that concerning negligent entrustment: Negligent supervision claims are excluded from coverage by owned aircraft provisions when the acts alleged could not have resulted in injury but for the use of the aircraft.[14] Negligent supervision is so intertwined with the use of the aircraft that when usage is excluded from coverage, so too are claims of negligent supervision.[15] We believe that the Mississippi Supreme Court would rule consistent with the majority of jurisdictions if it were confronted with this issue. Therefore, we conclude that Reliance was not obligated to provide coverage under any of appellants' theories of liability.

For these reasons, the judgment appealed is AFFIRMED.

---

[14] **Littrall v. Indemnity Ins. Co. of N. Am.**, 300 F.2d 340 (7th Cir. 1962) (negligent direction); **State Farm Fire Cas. Co.**, 216 Cal. Rptr. at 330-32 (negligent instruction); **Hartford Fire Ins. Co. v. Superior Ct. of Cal.**, 191 Cal. Rptr. 37 (Cal. Ct. App. 1983) (negligent planning); **Safeco Ins. Co. of Am. v. Husker Aviation, Inc.**, 317 N.W.2d 745 (Neb. 1982) (negligent training & supervision); **Wilkins v. American Motorists Ins. Co.**, 388 S.E.2d 191 (N.C. Ct. App. 1990) (negligent instruction); **Transport Indem. Co.**, 740 P.2d at 327 (negligent instruction); *see also* **Love**, 758 F. Supp. at 402 ("Application of the exclusion is not dependent on the theory of liability asserted.").

[15] *E.g.*, **State Farm Fire Cas. Co.**, 216 Cal. Rptr. at 332 (negligent instruction "depend[s] on . . . use and operation of an aircraft"); **Safeco Ins. Co. of Am.**, 317 N.W.2d at 748 (negligent training "directly related to the operation" of the aircraft). Our conclusion is consistent with that of the opinion by the district court in a case that originates from the same incident as this one. **Ranger Ins. Co.**, 984 F. Supp. at 469 (excluding from coverage "each and every claim . . . asserted [because each had] as its aim the recovery of damages for bodily injury which arose directly and solely from Tomlinson's use of the aircraft").