**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30595

LYCON INC,

Plaintiff-Appellant,

VERSUS

MICHAEL S. JUENKE, individually and
as corporate officer of EVI Oil Tools Inc; EVI OIL TOOLS INC,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana

April 27, 2001

Before STEWART and PARKER, Circuit Judges, and GOLDBERG, Judge.[*]

ROBERT M. PARKER, Circuit Judge:

Plaintiff Lycon, Inc. appeals the summary judgment entered in favor of Defendants EVI Oil Tools, Inc. and Michael S. Juenke (collectively "EVI") in this price discrimination action. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

---

[*]Judge of the United States Court of International Trade, sitting by designation.

1

Lycon sued EVI, alleging that EVI had violated federal antitrust laws by engaging in price discrimination in violation of 15 U.S.C. § 13, as well as asserting claims under Louisiana law for price discrimination, unfair trade practices, unfair sales, trade secrets violations, tortious interference, and breach of implied contract. EVI moved for summary judgment.

Viewing the summary judgment evidence in the light most favorable to Lycon, the non-movant, the record reveals the following facts. In April 1996, EVI purchased the assets of Production Specialties, Inc. ("PSI") of Lafayette, Louisiana, which manufactured gas lift equipment for use in oil production. EVI's purchase of PSI was its initial entry into the gas lift equipment market. From July 1, 1994 until the acquisition of PSI by EVI, Ron Massicot and R. Greg Maxwell worked as commissioned salesmen for PSI in Southwest Louisiana. Shortly after the purchase of PSI, Massicot and Maxwell met with EVI representatives who explained that EVI intended to sell its gas lift equipment to end users through independent wholesale distributors. EVI offered Massicot and Maxwell the opportunity to operate as such distributors to the retail market. Massicot and Maxwell accepted the offer. They reactivated Lycon, a dormant corporation owned by Massicot, hired former PSI employees, opened an office, secured warehouse facilities, obtained the necessary insurance and began selling EVI gas lift equipment to retail clients such as oil production and operating companies.

In October 1997, EVI began making direct sales to retail customers.  In the Spring of 1998, EVI merged with Weatherford Enterra, Inc., another corporation with subsidiaries in the gas lift equipment manufacturing business, becoming one of two remaining manufacturers of gas lift mandrels in the world. Effective April 1998, EVI amended its wholesale price list, raising wholesale prices of gas lift equipment and reducing retail prices, resulting in retail prices substantially lower than wholesale prices.  Wholesale prices were raised again in October 1999.  At this point, wholesale distributors, including Lycon, were paying more for EVI's gas lift equipment than end users who bought the equipment directly from EVI.

The district court granted summary judgment for EVI, reasoning that "Lycon cannot prove that EVI's alleged price discrimination had a prohibited effect on competition . . . ."  Having disposed of the only claim that provided a basis for federal question jurisdiction, the district court dismissed Lycon's remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(3).

**DISCUSSION**

**A. Standard of Review**

Summary judgment is reviewed *de novo*, applying the same standard on appeal that is applied by the district court.  *See, e.g., Reliance Nat'l Ins. Co. v. Estate of Tomlinson*, 171 F.3d 1033, 1035 (5th Cir. 1999).  Under Federal Rule of Civil Procedure

56(c), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## B. Prohibited Effect on Competition

Lycon contends that the district court erred in holding that it could not prove that the difference between EVI's wholesale and retail pricing of gas lift equipment had a prohibited effect on competition, either directly or indirectly. This claim requires interpretation of section 2(a) of the Clayton Act, as amended in 1936 by the Robinson-Patman Act, 15 U.S.C. § 13(a), which provides:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them...

According to the Supreme Court, establishing a violation of § 13(a), requires Lycon to prove four facts: (1) sales made in interstate commerce; (2) the commodities sold to Lycon were of the same grade and quality as those sold to other purchasers; (3) that EVI discriminated in price between Lycon and other purchasers; and (4) that the discrimination had a prohibited effect on competition.

4

*Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 556 (1990). The parties do not dispute that Lycon submitted evidence sufficient to survive summary judgment on the first three factors. The fourth factor – whether the discrimination had the prohibited effect on competition – is the focus of the district court's summary judgment analysis and of this appeal.

The district court reasoned that the price discriminations between end users and wholesale distributors, including Lycon, favored only retail purchasers that were not in competition with Lycon and that such price discrimination was not actionable, relying principally upon *Eximco, Inc. v. Trane Co.*, 737 F.2d 505 (5th Cir. 1984).

In *Eximco*, a wholesale distributer (Eximco), which took title to air conditioning and heating equipment from the manufacturer (Trane), challenged as discriminatory the alleged "sale" by Trane of similar products to Shepherd, an agent of Trane. *Id.* at 508-509. In competition with *Eximco*, Shepherd arranged retail sales to customers; Trane shipped the equipment and passed title directly to the customer. *Id.* Relying on *Security Tire & Rubber Co. v. Gates Rubber Co.*, 598 F.2d 962 (5th Cir. 1979), which established the rule that "transfers from a parent corporation to its wholly owned subsidiary corporation can never be considered separate sales to a favored customer in a Robinson-Patman Act discrimination suit," *id.* at 965, we found that Shepherd functioned as a subsidiary of Trane.

5

*Eximco,* 737 F.2d at 516.  It follows, we held, that Trane and Shepherd were acting as a "single unit," and thus, no predicate "sale" was made between Trane and Shepherd.  *Id.*

While acknowledging that *Eximco* is factually similar to the present case, Lycon argues that the district court erred in applying its ruling here because Lycon challenges the sale of gas lift equipment from EVI directly to Lycon's retail customers, rather than a transfer between EVI and its own subsidiary.  Lycon is correct that Eximco did not challenge the sale by Trane to the retail customer as discriminatory, and thus *Eximco*'s ruling is not directly controlling.

Nevertheless, we are compelled to follow *Eximco*'s reasoning, which explained that injury under § 13(a) "will be one of two basic types: primary line  or secondary line." *Eximco*, 737 F.2d at 515.  Primary-line injury, which occurs at the level of direct competition, customarily results when a seller uses predatory pricing policies to enhance his market position over competitors, while secondary line injury customarily results when a large purchaser uses its vast purchasing power to obtain low prices from the manufacturers or distributors whose products it stocks, thereby enabling it to undersell competitors.  *Id.*

Lycon argues that EVI's price structure caused injury to Lycon in a "dual-role context" as a purchaser from EVI and as a competitor against EVI in the retail market.  Because Lycon is both

EVI's competitor and customer, it suffered both primary and secondary line injuries. Lycon also argues, somewhat inconsistently, that the primary/secondary dichotomy is a useless abstraction in this situation.

Because the record discloses no injury to Lycon that § 13(a) contemplated protecting against, we will affirm the district court. Lycon does not compete with EVI in manufacturing gas lift equipment and *Eximco* forecloses any cause of action based on EVI's transfers to its wholly owned retail outlet. *Id.* at 516 (holding that a transfer of inventory from a manufacturer to a wholly owned subsidiary corporation was not a "purchase" for purposes of § 13(a)).

### 2. Continued vitality of *Eximco*

Lycon next contends that, even if *Eximco* forecloses its cause of action, the Supreme Court's 1990 analysis in *Hasbrouck* undermines or limits the Fifth Circuit interpretation of § 13(a) set out in *Eximco*. In *Hasbrouck*, independent Texaco retailers, who bought gasoline directly from Texaco, sued Texaco claiming that the sale of gasoline at lower prices to wholesale distributors, who in turn sold to retailers who competed with the plaintiffs, constituted price discrimination in violation of the Robinson-Patman Act. *Hasbrouck*, 496 U.S. at 547. The Supreme Court held that the substantial lessening of competition between the favored wholesale distributors' customers (retailers in direct competition

7

with the independent Texaco retailers) and the independent Texaco retailers constituted a violation of § 13(a)(§ 2(a) of the Robinson-Patman Act). *Id.* at 571. The Supreme Court focused on whether the price discrimination caused injury to competition regardless of whether the favored purchaser was a direct competitor at the same functional level as the disadvantaged purchaser. *Id.* Insofar as *Hasbrouck* addresses competitive consequences at different levels of distribution, it recognizes that anti-competitive effects can occur based on price discrimination between distributors and retailers who both buy from a single manufacturer. *Id.* at 557-59. *Hasbrouck* does not discuss *Eximco*, nor does it call *Eximco*'s holding or analysis into question. Rather, it examines the effects on competition growing out of a differently arranged market.

Similarly, Lycon's reliance on *Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 19 F.3d 745 (1st Cir. 1994), is misplaced. As in *Hasbrouck*, the plaintiffs in *Caribe BMW* were retailers who bought directly from the manufacturer. *Id.* at 748. They challenged BMW's practice of selling cars to a distributor at a discounted price; in turn the distributor resold the cars to other retailers who competed with the plaintiffs for sales to end users and enjoyed a price advantage based upon the discount that was passed along to them by the distributor. *Id.* at 748-49. Far from supporting Lycon's position, *Caribe BMW* serves to highlight

8

the distinction between *Hasbrouck* and the case at bar. Antitrust concerns about competitive effects based on prices paid by buyers who compete for resale at different levels are irrelevant here because Lycon and the end users who buy directly from EVI do not compete for resale at any level.

In sum, Lycon's allegation of price discrimination between itself and end user customers of EVI, who are not retailers and do not resell the product, does not raise the specter of real or potential injury to competition. Lycon has no § 13(a) cause of action because it is not in competition with the allegedly advantaged end users. *See Security Tire & Rubber*, 598 F.2d at 964 (holding that the Robinson-Patman Act targets anti-competitive price discrimination among competing buyers). We therefore find no merit in Lycon's invocation of *Hasbrouck* and *Caribe BMW*.

## CONCLUSION

Based on the foregoing, we conclude that the district court did not err in granting summary judgment to EVI based on its holding that, as a matter of law, Lycon could not prove that EVI's discriminatory pricing of gas lift equipment had a prohibited effect on competition.

AFFIRMED.