11 YELVERTON, J.
The issue presented by this appeal is whether a federal judgment rendered in the case is res judicata to subsequently-filed state law claims when the federal judgment granted summary judgment as to the federal claim and dismissed the pendant state law claims without prejudice.
FACTS
Weatherford Artificial Lift Systems, Inc. (Weatherford) manufactures artificial gas lift equipment, which is used to enhance recovery from producing reservoirs. Ron Massicot and Raymond Gregory Maxwell were commissioned sales agents for Production Specialties, Inc. (PSI). Their contract with PSI had a two-year term and was terminable by either party upon 30-days’ notice. In April 1996, EVI Oil Tools, *1284 Inc. (EVI), Weatherford’s predecessor in name and interest, acquired certain assets of PSI but did not purchase this contract. Soon after the purchase, EVI met with Massicot and Maxwell and informed them that it sold its gas lift equipment through distributors. Thereafter, Massicot and Maxwell reactivated a dormant corporation, Lycon, Inc. (Lycon), to distribute the gas lift equipment.
Prior to filing this state suit, Lycon filed a federal complaint in 1998 against EVI and Michael Juenke, a corporate officer of EVI, alleging price discrimination pursuant to 15 U.S.C. § 13, the Robinson Pat-man Act. Lycon also included several state law claims in its federal suit. EVI and Juenke filed a motion for summary judgment, seeking dismissal of all of Lycon’s claims, both federal and state.
Finding that Lycon could not prove “that EVI’s alleged price discrimination had a prohibited effect on competition on either a direct or indirect level of functional equality,” the federal court granted the motion for summary judgment and dismissed | {.Lycon’s Robinson Patman Act claims. However, the federal court observed that federal law and jurisprudence provides that supplemental jurisdiction over state law claims may be dismissed and should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court. 28 U.S.C. § 1367(c)(3); Bass v. Parkwood Hosp., 180 F.3d 234 (5 Cir.1999). Quoting Noble v. White, 996 F.2d 797, 799 (5 Cir.1993) (second alteration in original), the federal court in the present case noted: “ ‘[T]he Supreme Court in United Mine Workers of America v. Gibbs, [383 U.S. 715, 726, 86 S.Ct. 1130, 1139] emphasized that “[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.” ’ ” The federal judgment is now final, including the dismissal of the state law claims without prejudice. Lycon, Inc. v. Juenke, 250 F.3d 285 (5 Cir.2001), cert. denied, — U.S. -, 122 S.Ct. 209, 151 L.Ed.2d 148 (2001).
Due to the dismissal without prejudice in federal court, Lycon filed the present suit in state court against Weatherford for violations of the Louisiana Unfair Trade Practices Act (LUTPA), the Louisiana Price Discrimination Act (LPDA), and the Louisiana Uniform Trade Secrets Act (LUTSA), the state law claims asserted in federal court. Lycon made additional state law claims for detrimental reliance and tortious interference with its contractual rights.
In response, Weatherford and Juenke filed numerous peremptory exceptions and again moved for summary judgment. Ly-con’s principals/shareholders, Massicot and Maxwell, then filed a supplemental and amending petition adding themselves as plaintiffs.
|3Weatherford and Juenke next filed supplemental peremptory exceptions of prescription and res judicata and an alternative motion for summary judgment on the individual claims filed by Massicot and Maxwell. In September 2000, the trial court denied the exceptions of no cause of action and prescription and granted the motion for summary judgment with regard to Lycon’s tortious interference with a contract claim against Juenke. The court declined to rule on the exceptions of res judicata and reserved to Weatherford the right to reassert res judicata at a later date.
Weatherford refiled the exceptions on September 21, 2001, and they were heard on October 8, 2001. The trial court granted the exception of res judicata as to all LPDA and LUTPA claims except the claim related to the contract. The court determined that “every state law claim *1285 that requires price discrimination as an element has previously been resolved” by the federal court decision.
The Plaintiffs appeal, arguing that the trial court erred in finding that the federal court judgment is res judicata as to their claims. For the following reasons, we agree with the Plaintiffs and reverse and remand.
RES JUDICATA
Plaintiffs claim that a federal judgment specifically reserving state law claims cannot bar a plaintiff from pursuing those claims in state court. Defendants argue that “issue preclusion” bars relitigation of the price discrimination issue and that the federal judgment effectively becomes res judicata.
In Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541(1994), our supreme court stated that “[w]hen a state court is required to determine the preclusive effects of a judgment rendered by |4a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied.” Applying federal law in Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-654, 95-671, p. 16 (La.1/16/96), 666 So.2d 624, 634, the supreme court recognized that exceptions to the common law theory of res judicata exist, “such as when there is an express reservation of claims, when the defendant acquiesces in such a reservation, or when the court in the first action has expressly reserved the plaintiffs right to maintain the second action.”
Additionally, there is the supreme court opinion in Stroik v. Ponseti, 96-2897 (La.9/9/97), 699 So.2d 1072, a negligence case against a police officer for the wounding of a hostage. Stroik, the plaintiff, had also filed a federal complaint for damages for deprivation of civil rights, and the federal issue was whether the police officer was justified in using deadly force. The fifth circuit held that the officer was justified. In the state action based on negligence, the defendant sought a ruling that the federal judgment had acquired preclu-sive effect as to the state negligence claim. The supreme court in Stroik found that the federal magistrate in the federal case had expressly reserved the plaintiffs right to bring her state case subsequent to the federal action. The court said in Stroik, 699 So.2d at 1077, “[flor the purpose of res judicata, when the court in the first action has expressly reserved the plaintiffs right to maintain the second action, the first action fails to acquire the authority of the thing adjudged as to the second action.”
In the instant case, the federal court recognized that the state court would be the better place to determine the application of state law to the facts of this case. State law has not yet been applied to the facts of this case.
| ¡¡Weatherford cites two appellate court decisions which it claims support its position that courts of this state apply issue preclusion to federal court decisions. They are McDonald v. Cason, 01-932 (La.App. 3 Cir. 12/12/01), 801 So.2d 1255, writ denied, 02-135 (La.3/22/02), 811 So.2d 938, and Samour v. Louisiana Casino Cruises, Inc., 01-831 (La.App. 1 Cir. 2/27/02), 818 So.2d 171. However, in neither of the federal decisions referred to in these two cases was there a reservation of the parties’ rights to bring an action on state law claims in state court.
For these reasons, we agree with the Plaintiffs that the trial court erred in granting Defendants’ motion for summary judgment on the issue of res judicata. The judgment of the trial court is reversed, and this case is remanded for further proceedings. All costs of this appeal *1286 are assessed to Weatherford Artificial Lift Systems, Inc.
REVERSED AND REMANDED.